UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE J. TALIK, | : | CIVIL ACTION NO. 3:CV-14-1117 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| WARDEN J.E. THOMAS, et al., | : | |
| Respondents | : | |

FILED
SCRANTON
OCT 22 2014
PER_____ DEPUTY CLERK

## **MEMORANDUM**

Petitioner, Eugene J. Talik, an inmate currently confined in the United States Penitentiary, Lewisburg Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the Northern District of West Virginia. For the reasons set forth below, the petition for writ of habeas corpus will be dismissed.

**I.     Background**

On January 21, 2008, Petitioner entered a plea of guilty to interstate violence resulting in death, in violation of 18 U.S.C. §§ 2261(a)(1) and (b)(1). United States v. Talik, Criminal Action No. 5:06-cr-0051-FPS-JES-1 (U.S. D.C. N.D. W.V. December 5, 2006). On May 6, 2008, Talik was sentenced to a term of life imprisonment. Id.

On May 6, 2009, Talik filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct. Id.

By Memorandum and Order dated August 17, 2010, the District Court adopted the Magistrate Judge's Report and Recommendation denying Petitioner's motion to vacate pursuant to § 2255. Id.

On September 27, 2010, Talik filed a notice of appeal from the District Court's August 17, 2010 decision. Id.

On April 26, 2011, the United States Court for the Fourth Circuit denied Talik a certificate of appealability and dismissed his appeal. Id.

On October 29, 2013, Talik filed a petition for leave to file a second or successive motion to vacate under 28 U.S.C. § 2255, which the Court of Appeals denied on November 16, 2013. Id.

On June 10, 2014, Talik filed the instant petition for writ of habeas corpus. (Doc. 1, petition). He seeks relief via 28 U.S.C. § 2241 asserting that "[t]he outcome of this case amounts to a miscarriage of justice, and implicates the fundamental fairness and accuracy of the conviction and sentence. That is, Petitioner was convicted and sentenced to crimes neither charge [sic] and/or proven beyond a reasonable doubt." (Doc. 2, at 1). He argues that "under Alleyne v. United States, 133 S.Ct. 2151 (2013); Peugh v. United States, 133 S.Ct. 2017

(2013); and Whiteside v. United States, [748 F.3d 541, reh'g en banc granted, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014) ], Petitioner's sentence and conviction under the relevant statute was not punishable by a mandatory minimum sentence of life, and were he sentenced today, he would be subject to either the aggravated crime of 18 U.S.C. § 1111 (First-degree murder) or the mandatory term of life imprisonment without parole under the crime charged and proven beyond a reasonable doubt." (Doc. 2, at 10). He asserts that without the First-degree murder charge, he "would have faced a guideline range of 324 to 405 months (a 33 year and nine month maximum)." Id.

## II.      Discussion

A petitioner can pursue a § 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of § 2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative."

Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make §2255 inadequate or ineffective."). Petitioner has the burden of proving that § 2255 would be inadequate or an ineffective remedy. Reyes-Reguena vs. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Talik has already filed a motion pursuant to § 2255 in the United States District Court for the Northern District of West Virginia. Additionally, he has filed a request in the Fourth Circuit Court of Appeals seeking permission to file second or successive § 2255 motion, and his request has been denied. The United States Court of Appeals for the Third Circuit has made it clear that the simple inability to "meet the stringent gatekeeping requirements" does not permit the petitioner in a case to proceed under section 2241 in order to avoid those requirements. Okereke

v. United States, 307 F.3d 117, 120–21 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). See also United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture.").

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Talik's reliance on the Supreme Court's decision in Alleyne does not fall within the Dorsainvil exception so as to permit his § 2241 habeas petition to move forward. Indeed, as the Third Circuit Court of Appeals has stated:

> [Petitioner] cannot avail himself of the [Dorsainvil] exception in this case. As noted above, he relies on the Supreme Court's decision in Alleyne to support his petition. Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000): in Apprendi, the Court held that under the Fifth and Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," Apprendi. 530 U.S. at 490, and in Alleyne, the Court held that the same rule applies also to "facts that increase mandatory minimum sentences," Alleyne, 133 S.Ct. at 2163. We have held that, " § 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument," Okereke, 307 F.3d at 121, and there is no basis to treat claims brought under Alleyene differently.

Sacksith v. Warden Canaan USP, 552 F. App'x 108, 109 (3d Cir. 2014) ( per curiam); see also Oliver–Diaz v. Warden Fort Dix FCI, 014 WL 1364001, *1 (3d Cir. 2014) (per curiam). Nor does Talik fare any better in relying on Peugh v. United States, –– U.S. ––, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). Because Peugh has not yet been held to apply retroactively, his claim does not fall within the Dorsainvil exception. See Levan v. Sneizek, 2009 WL 997442, *2 (3d Cir. 2009); Smith v. Snyder, 48 F. App'x. 109, 110–11 (6th Cir. 2002).

If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. See Jackman v. Shartle, 535 F. App'x. 87 (3d Cir. 2013) (finding that a motion to vacate sentence under § 2255, rather than petition under § 2241, is the proper remedy for a claim under Alleyne); Wallace v. Bledsoe, No. 1:11–CV–132, 2011 WL 766641 (M.D. Pa. 2011) (Jones, J.) (concluding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255). Consequently, the § 2241 petition will be dismissed for lack of jurisdiction.   A separate Order will be issued.

Dated: October 21, 2014

*[signature]*
United States District Judge